IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEPAY GLOBAL PAYMENTS LLC., <br><br> Plaintiff, <br><br> v. <br><br> PNC BANK, N.A., <br><br> Defendant. | Case No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Wepay Global Payments LLC ("WGPLLC," "Wepay," or "Plaintiff") brings this patent-infringement action against PNC Bank, National Association Member FDIC ("PNC" or "Defendant").

### Parties

1. Plaintiff WGPLLC is a Delaware limited liability company with its principle business address at 221 N. Broad Street, Suite 3A, Middletoen DE, 19709.

2. Upon information and belief, Defendant PNC is a national organization, with 25 established offices in the Northern District of Illinois and its principal place of business at 300 Fifth Avenue Pittsburgh, PA 15222.

**Jurisdiction and Venue**

3.  This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

4.  This Court has personal jurisdiction over PNC because PNC has committed acts giving rise to this action within Illinois and within this judicial district. Defendants regularly do business or solicit business in this District and in Illinois, engage in other persistent courses of conduct and derive substantial revenue from products and services provided in this District and in Illinois, and have purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District. For example, PNC has offices within this district. The website www.PNC.com solicits sales of infringing products to consumers in this District and in Illinois. Given these contacts, the Court's exercise of jurisdiction over PNC will not offend traditional notions of fair play and substantial justice.

5.  Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and l400(b) because PNC has regular and established places of business in this District, with 25 office locations (for example: at 302 W Adams St CHICAGO, IL 60606, and 1 N Franklin St STE 100 CHICAGO, IL 60606), has committed acts within this judicial district giving rise to this action, and continues to conduct business in this judicial district, including multiple acts of making, selling, using, and offering for sale infringing products in this District.

**The Patent-In-Suit**

7. WGPLLC is the exclusive owner of United States Patent No. D930,702 (the "702 patent") entitled, "Display screen portion with animated graphical user interface" and was duly and legally issued in accordance with 35 U.S. Code § 171 by the U.S. Patent and Trademark Office on September 14, 2021, attached hereto as "Exhibit A".

8. The '702 patent claim is valid and enforceable and directed to a unique ornamental design for a display screen portion with animated graphic user interface as shown and described.

9. PNC has not obtained permission from WGPLLC to use the ornamental design of the '702 patent.

10. Attached hereto as "Exhibit B" and incorporated into this complaint as alleged herein a side-by-side claim chart setting forth an ornamental design element comparison of the second embodiment of the '702 patented design and the accused display screen portion articles made by PNC. The known products infringing the patented design are the PNC app for iOS and Android mobile devices: https://www.pnc.com/en/personal-banking.html.

11. See "Exhibit C," which are the relevant subclasses governing the patent-in-suit according to the U.S. Patent & Trademark Office.

**Count I - Infringement of U.S. Patent No. D857,702 Second Embodiment Claim**

11. WGPLLC reasserts and incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein.

12. PNC has infringed and continues to infringe the second embodiment of the '702 patent by making, using, distributing, offering to sell and/or selling in the United

States the PNC mobile computer products, which embodies the design covered by the '702 patent. PNC infringing activities violate 35 U.S.C. § 271.

## Damages

13. WGPLLC sustains damages as a direct result of PNC's infringement of the '702 patent.

14. As a consequence of PNC's present, continued, and future infringement of the '702 patent, WGPLLC is entitled to royalties for its infringement of the '702 patent on a forward-going basis.

## Prayer for Relief

WHEREFORE, WEPAY GLOBAL PAYMENTS LLC prays for the following relief against PNC:

(a) judgment that PNC has infringed the second embodiment claim of the Asserted Patent, directly and/or indirectly, literally and/or under the standards of substantial similarity;

(b) awarding damages sufficient to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284;

(c) awarding Plaintiff his costs and expenses incurred in this action;

(d) awarding Plaintiff prejudgment and post-judgment interest; and

(e) granting Plaintiff such further relief as the Court deems just and appropriate.

**Demand for Jury Trial**

WEPAY GLOBAL PAYMENTS LLC demands a trial by jury on all matters and issues triable by jury.

Date: September 23, 2021 /s/Matthew Wawrzyn

Matthew M. Wawrzyn
matt@wawrzynlaw.com
WAWRZYN LLC
200 East Randolph Street, Suite 5100
Chicago, IL 60601
(312) 235-3120 (telephone)
(312) 233-0063 (facsimile)

*Counsel for WEPAY GLOBAL PAYMENTS LLC*