IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

WEPAY GLOBAL PAYMENTS LLC,       )
                                 )
                                 )          2:22-CV-00592-MJH
          Plaintiff,             )
                                 )
    vs.                          )
                                 )
PNC BANK N.A.,                   )
                                 )

          Defendant,

OPINION

Plaintiff, Wepay Global Payments, LLC, brings the within action for patent infringement

against Defendant, PNC Bank, N.A, regarding a design patent allegedly utilized on the display

screen of a mobile application (app).   PNC moves to dismiss pursuant to Fed. R. Civ. P.

12(b)(6).  The matter is now ripe for consideration

Upon consideration of WPG's Complaint (ECF No. 1), PNC's Motion to Dismiss (ECF

No. 12), the respective briefs of the parties (ECF Nos.  13, 17, and 31), and for the following

reasons, PNC's Motion to Dismiss will be granted.

I.      Background

WPG alleges that it is the exclusive owner of the United States Patent No. D930,702

('702) entitled "Display screen portion with animated graphical user interface."  (ECF No. 1 at ¶

7).  Wepay alleges that only the second embodiment of the '702 patent is relevant.  *Id*. at ¶ 10.

The second embodiment (the "Asserted Design") is a three-screen sequence of the "animated

graphical user interface," consisting of Figures 3 to 5 of the '702 patent. (ECF No. 1-1).   Those

figures appear as follows:



FIGURE 3          FIGURE 4          FIGURE 5

*Id*.    WPG alleges that portions of PNC's Mobile Banking mobile phone app, particularly the portion of the appl that interfaces with the Zelle digital payments network (the "Accused Design"), infringe the Asserted Design. (ECF No. 1 at ¶¶ 7, 10, 12)  It avers that PNC has not obtained permission to use the ornamental design of the '702 patent.  *Id*. at ¶ 9.  The relevant portions of the PNC Mobile Banking application appear as follows:







(ECF No. 1-2).    The first image includes a four-square symbol as follows:



*Id*.

PNC moves to dismiss WPG's patent infringement claim because the Accused Designs of the PNC Mobile Banking application are drastically and unmistakably different in appearance than Figures 3–5 of the '702 Patent.

II.    Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir.

2014).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'"  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments.  *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997).  The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint.  *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000).  The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding."  *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile."  *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair

prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.    Discussion

PNC contends that the Accused Design portions of its mobile application appear so different from the '702 design patent that no ordinary observer could plausibly confuse the two. Specifically, PNC maintains the claimed spatial relationships and relative proportions of the claimed design of the '702 patent are starkly and unmistakably different from the spatial relationships and relative proportions of the accused design.  Therefore, PNC argues that, even taking WPG's allegations as true, the Complaint's infringement claim is facially deficient.

WPG contends that an ordinary observer with knowledge of the prior art would mistake the PNC app for the '702 patent.   WPG maintains that both its patent and the PNC app include an icon array of three squares that simulate a QR code; both cycle to a functional screen where the user may choose to whom the money will be sent; and both conclude with the display screen with a display of a zero value, where the user may input the amount of money that the user wishes to send.   WPG's side-by-side comparisons can be summarized in the following graphics:



FIGURE 3                    FIGURE 4



FIGURE 5

(ECF No. 1-2).

PNC responds that WPG's opposition fails to explain how the above side-by-side comparisons would lead an ordinary observer to think that these designs are the same. Further, PNC argues that WPG's allegations of substantial similarity does not lead to the plausibility of its infringement claim. With regard to prior art, PNC dismisses WPG's contentions because, for purposes of an infringement analysis, the accused design is so dissimilar from the claimed design of the '702 patent that no analysis of the prior art is needed to observe any distinctions.   PNC

also maintains that the stark distinctions in the designs warrant dismissal before claim construction and that the defects in WPG's Complaint cannot be cured through discovery.

"[W]hile infringement is a question of fact, courts may dismiss claims of design infringement on a Rule 12(b)(6) motion where, as a matter of law, no reasonable factfinder could find infringement." *Curver Luxembourg, SARL v. Home Expressions Inc.*, No. 2:17-cv-4079-KM-JBC, 2018 WL 340036, at *4 (D.N.J. Jan. 8, 2018), aff'd, 938 F.3d 1334 (Fed. Cir. 2019); *accord Converse Inc. v. Steven Madden, Ltd.*, Civil Action No. 20-11032-NMG, 2021 WL 3293624, at *2 (D. Mass. Aug. 2, 2021). The standard for determining design patent infringement is whether "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871). This standard articulated by Gorham has come to be "referred to as the 'ordinary observer' test." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008).

The test is operationalized via two steps, with each step "involv[ing] a side-by-side study of the designs," *Great Neck Saw Mfrs., Inc. v. Star Asia U.S.A., LLC*, 727 F. Supp. 2d 1038, 1052 (W.D. Wash. 2010), aff'd, 432 F. App'x 963 (Fed. Cir. 2011). First, "without review of the prior art, the claimed and accused designs" are compared to one another to determine whether they are substantially similar. *Id*. If so, the second step "compar[es] the claimed and accused designs with prior art to identify differences that are not noticeable in the abstract but would be significant to the hypothetical ordinary observer familiar with the prior art." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015.   If at either step it is determined that the "designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails

to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery*, 796 F.3d at 1335.

Here, PNC's arguments are well-taken and dismissal is warranted.  First, the Court notes that the ordinary observer test focuses on a hypothetical purchaser induced to buy a product with an accused design over an asserted design.  The cases cited by the parties likewise address designs where there exists a consumer and/or purchaser at play.   However, neither the cited cases nor this Court's research reveals a case where, like the instant matter, the consumer has not voluntarily chosen the design at issue.  Instead, the Accused Design is incidental to the PNC customers utilization of the mobile application.   The Complaint does not allege that a purchaser would have been or has been involved with the Accused Design.  Further, the Complaint does not allege a purchase or transaction by a consumer with regard to the Accused Design over the Asserted Design.  Thus, the ordinary observer test would seem not to fit squarely with the designs at issue, and WPG would not be able to assert a design patent infringement claim.

Even if the Court assumes that the Accused Design fits within the ordinary observer test, a side-by-side comparison of WPG's Asserted Design and PNC's Accused Design demonstrates that they are "sufficiently distinct" and "plainly dissimilar" such that no reasonable factfinder could find infringement.   Any similarity between the two designs is limited to basic geometric shapes, but with notable differences in shape size and spacing such that no ordinary observer would mistake the Accused Design with the Asserted Design or vice versa.   Even accounting for prior art, any similarity with the Accused Design and Asserted Design appears much like the prior art of a QR code, which was invented and adopted as an international standard before WPG filed the '702 patent.   Thus, again, even accounting for prior art, PNC's Accused Design is "sufficiently distinct" and "plainly dissimilar."   As the Court finds that the side-by-side

comparison leaves no doubt that WPG cannot meet its burden, no claim construction, discovery, or amended complaint is appropriate.

IV.    Conclusion

Accordingly, PNC's Motion to Dismiss will be granted.   As the Court deems any amendment futile, WPG's Complaint will be dismissed with prejudice.   A separate order will follow.

DATED this 1st day of June, 2022.

BY THE COURT:

MARILYN J. HORAN
United States District Judge